25-472BK, In Re 155 Chambers Food Inc. And I understand Attorney Moore is here on behalf of the Appellant Manhattan Realty Company 1, is that right? Yes, sir. Yeah, please get settled up here at council table and whenever you're ready, we are too. May it please the Court, my name is Robert Moore, I represent the Appellant Manhattan Realty Company 1, LP. There is no serious dispute in my estimation that the procedure employed by the Bankruptcy Court here was designed to evade review. Let me repeat that, designed to evade review. There are numerous instances on the record wherein the Court stated that ordinarily in a lift-stay motion, she tells the move-on, the creditor, sorry, come again another day. I'm sorry, when you say there are numerous instances in the record, you mean in this case? Yes, in this case. Where there would be repeated adjournments? Yes, Your Honor. Could you have sought a writ of mandamus? Arguably, yes. But you didn't? Correct. Okay. But respectfully, I do not believe that that forecloses the analysis here. Now, as we all know, when you do file a lift-stay motion, what should happen is the Bankruptcy Court has to hold a hearing within 30 days. Has to. It can either be a final hearing or a preliminary hearing. If the Court holds that preliminary hearing, then 30 days thereafter, there has to be a final hearing. There has to be. Now, there was considerable disagreement, and I can point, Your Honors, to the record, wherein the Bankruptcy Court judge said, no, it's a contested matter, therefore, the time limitation of 362e does not apply to me. I can just set a discovery schedule well past the statutorily required timeline. And what specifically happened here, judges, is that she set the hearing date with the discovery schedule past the assumption or rejection date. So, Mr. Clark, can I ask you, maybe you do know or maybe you don't know, but are you familiar with whether this is a practice that is generally followed in other bankruptcy courts in this circuit? Or if you don't know one way or the other, that's fine. I believe, at least with respect to this particular judge, it is. No, that's what I'm asking before other bankruptcy judges. Is this generally the practice? And, again, if you don't know, that's fine. I think it may be, but I would not like to speculate, Your Honor. No, that's fine. But I believe that definitely before this particular judge, it is. She said repeatedly that in the 12 years, 12 years she's been doing this, no creditor landlord has dared to appeal her own decision. So, I think your primary argument in your brief is that this is capable of repetition, yet evading review, right? Yes, Your Honor. My understanding of that doctrine is that it typically involves the same parties on both sides of the V. Is that, do you have case law that suggests that's not true? Or Roe, Judge. Well, that was the same side of the V. The thought was that Roe might get pregnant again and the government might prohibit it. Well, that was the same side of the V. It wasn't that some other woman might get pregnant. It was her, so I guess plug Manhattan Realty into the plaintiff. But it wasn't just sort of, I might wind up before a judge someday in litigation before some other person on the other side of the V, and that judge is going to rule the same way. Okay. Well, then I would direct the court. So, that's what I'm asking is, my understanding is that we have even said it involves litigation involving the same parties. If I'm not correct, can you point me to a law or a case suggesting that is incorrect? Well, I would respectfully point the court to the Marine Power case. This is a case out of Washington. In that case, it involved the United States government and a debtor. The court did not hold, did not hold in that case that they, you had to have the same parties necessarily in order to invoke. What circuit is that? Is that D.C. Circuit or 9th? It would be 9th Circuit, Judge. 9th Circuit. I cited it at length in the brief, Your Honors. But specifically, the issue there was whether or not the bankruptcy judge's procedure that it employed en route, en route, was capable of repetition yet evading review. And that's precisely the issue we have here. But wasn't that, in that case, wasn't the case of the bankruptcy proceeding still ongoing? It was, Judge. That's different from here. Now, yes. Yeah. I guess I'm just looking at our case, Dennen v. Connecticut Interest Scholastic Athletic Conference. It's one of our decisions from 1996. And I thought we had said there that to invoke the repetition yet evading review exception, the appellant has to show, quote, the same parties, plural, are reasonably likely to find themselves again in dispute over the issues raised in appeal. So my reading, our court has already spoken to this and said it has to be the same dispute between the same parties. And I'm just wondering if you have any case law. And the 9th Circuit may go their own way. We understand that. But do you have any case law from our court that suggests that what I've just read to you is not currently the governing law? That's from 1996. I understand, Judge. And the short answer is no. So it's kind of a problem for you. It is a problem. But, again, the facts here are very, shall we say, disturbing. How do we get around the law? Well, Judge, as Justice Blackmun said in Roe, the law as to mootness is not that rigid, right? So there are, there are. I don't know where we're going to take that principle. In our daily work. And what about your ongoing damages? You seem to rely largely on attorney's fees that accumulated, that are presumably done accumulating at the moment. Do we have live damages that are accruing here? Well, I would argue that the attorney's fees for this appeal are part of it. But the real damages, the real damages here are because the court improperly, improperly used this procedure to delay adjudication of the stay motion. Everybody knew this debtor could not afford to stay. Landlord was deprived of four months' rent, which was $89,000. Can't you sue for that now? It wasn't discharged in bankruptcy, right? I thought the bankruptcy proceedings were dismissed, right? Yeah, they were dismissed. So how are you, I mean, what are you going to do, sue the bankruptcy court? I don't understand. Because you can still sue the debtor for unpaid rent, right? Yes, Judge. But respectfully, I don't think, given what if we could assume for the sake of argument was an improper procedure here, that the creditor's sole remedy should be, should be to start another lawsuit. Let's say you can sue. Let's say we hold that the automatic stay should have been lifted earlier. The bankruptcy proceeding is gone. We're not going to reactivate the bankruptcy proceeding, right? We can't order the debtor to pay you, I don't know what, interest on the lateness of the rent payments. You can't get that. That's not a remedy. So that takes away your Article III standing, right? As to that, as to the complaint that you should have been getting the rent paid in a more timely manner from the debtor. We can't, even if you're right, and we were just telling you in the abstract, yes, that's how the automatic stay works. What is within the power of this court to redress it? That injury, to put your client back into position would have been if that alleged thing didn't go wrong. Well, I would direct the court's attention again to the Marine Power case. There was an argument as to mootness there, of course. But what would the remedy be? Is somebody going to write your client a check, right? That's what they want. They're out some money. Who would this court order to cut a check to your client? And how could we, given that the bankruptcy proceedings are dismissed and there's no challenge? That's not the point. We can't reopen them. So what's the remedy? Logically, the only remedy could be to reopen the bankruptcy and then order an assessment on damages. Have you asked for that? Well, we asked the threshold issue. Have you asked for that? Did we ask for that? Yeah. Did you ask this court, and I don't even know if we can, but did you ask this court to reopen the bankruptcy proceedings? I believe we did. You did. So you want the debtor back in bankruptcy? Yes. Okay. I don't have any further questions. All right. Thank you. Thank you, Your Honor. Mr. Moore, thank you very much for coming in. We appreciate it. We will take the case under advisement.